**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In Re:<br>　　CHRISTINE SCARAMUZZO<br>　　　　Debtor(s)<br>　　TAMMAC HOLDINGS CORPORATION<br>　　　　Movant<br>　v.<br>　　CHRISTINE SCARAMUZZO<br>　　　　Debtor(s)<br>　　KENNETH E. WEST<br>　　　　Trustee<br>　　　　Respondent(s) | Chapter 13<br><br>Case Number: 22-10315-amc |

**MOTION FOR RELIEF FROM AUTOMATIC STAY WITH RESPECT TO PROPERTY: 5000 GARNER DRIVE, MORRISVILLE, PA 19067**

　　Tammac Holdings Corporation, through its Counsel, Stern & Eisenberg PC, respectfully requests the Court grant its Motion for Relief and in support thereof respectfully represents as follows:

1. Movant is Tammac Holdings Corporation (hereafter referred to as "Movant").

2. Debtor(s), Christine Scaramuzzo (hereinafter, "Debtor(s)"), is/are, upon information and belief, adult individual(s) whose last-known address is 5000 Garner Drive, Morrisville, PA 19067.

3. On March 10, 2022, Christine R. Scaramuzzo and Paul T. Scaramuzzo, executed and delivered a Note in the principal sum of $79,112.50 to Tammac Holdings Corporation. A copy of the Note is attached as Exhibit "A" and is hereby incorporated by reference.

4. Debtor(s) filed the instant Chapter 13 Bankruptcy on February 10, 2022 and, as a result, any state court proceedings were stayed.

**5.** It is believed and therefore averred that Debtor(s) filed the instant bankruptcy as an additional delay in order to prevent Movant from proceeding with the state court proceedings or otherwise institute proceedings as allowed under the Mortgage.

6. In addition, Movant has incurred counsel fees and costs in association with Debtor's default and this motion.

7. As a result of the Debtor's default and failure to make payments or to otherwise adequately provide for Movant in the bankruptcy filing, Movant is not adequately protected and is entitled to relief.

8. Debtor filed a Chapter 13 Plan on February 10, 2022. Per the Statement of Intentions regarding the Property, Debtor intends to surrender the property.

9. Further, the Debtor's Schedule D indicates a valuation of the property in the amount of $50,000.00, with Movant's first lien against the property in the amount of $57,137.63. Accordingly, there is no equity in the Property and the property is not necessary for an effective reorganization. A copy of the Debtor's Schedule D is attached as Exhibit "B" and incorporated herein by reference.

10. To the extent the Court does not find that relief is appropriate, then Movant requests that the stay be conditioned such that in the event the Debtor(s) fall(s) behind on post-petition payments or trustee payments that Movant may receive relief upon default by the Debtor(s) of the terms of the conditional order.

11. Movant requests that the stay of Bankruptcy Rule 4001(a)(3) be waived.

WHEREFORE, Movant, Tammac Holdings Corporation, respectfully requests this Court to grant the appropriate relief under 11 U.S.C. §362 from the automatic stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(3).

Respectfully Submitted:

Stern & Eisenberg, PC

*By: /s/ Daniel P. Jones*
Daniel P. Jones
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Phone: (215) 572-8111
Fax: (215) 572-5025
Bar Number: 321876
Email: djones@sterneisenberg.com

Date: March 17, 2022